[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11881

_____

SAREGAMA INDIA, LTD.,

Plaintiff-Appellee,

*versus*

SUBRAMANIAN AIYER,
et al.,

Defendants,

BHRATH AIYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:09-cv-01581-TCB

_____

Before WILSON, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal concerns Saregama India Ltd.'s attempt to collect against Bharath Aiyer[1] in 2021 after receiving a default judgment totaling $11,120,000 against Aiyer and his family a decade earlier. In June 2009, Saregama, an Indian music company, brought a copyright lawsuit against ASV Cyber Solutions, Inc., a corporation founded by Bharath's father, Subramanian. Saregama believed ASV was responsible for MusicIndiaOnline.com, a platform used to illegally stream music with copyrights held by Saregama. The complaint named Bharath Aiyer, Subramanian Aiyer, Anand Aiyer (Bharath's brother), ASV, and several others as defendants in the action.

Before filing the action, Saregama sent several pre-litigation demands to Bharath (and his father). Bharath responded by email months later, acknowledging receipt of Saregama's demands but disavowing any connection to MusicIndiaOnline. Bharath blocked

_____

[1] CM/ECF lists the appellant's name as "Bhrath Aiyer." His briefs spell his name as "Bharath." This opinion uses the spelling "Bharath" throughout.

23-11881                Opinion of the Court                3

further communications from Saregama.  Saregama subsequently filed suit.

When the initial lawsuit was brought in the Northern District of Georgia, none of the defendants lived in the United States, but ASV allegedly maintained an Atlanta mailing address. Saregama's initial attempts to serve defendants pursuant to the Hague Convention failed.  So in April 2011, upon evidence of the parties' pre-suit correspondence and ASV's suspected physical address, the district court entered an order permitting service by electronic mail, including at the email address Bharath had used to respond to Seragama's pre-litigation demands, and by priority mail. Saregama served the Aiyer family members, but none responded.

Upon Saregama's motion, which Saregama served on the Aiyer family members by electronic mail and by priority mail, the clerk entered default against the defendants.  In September 2011, the district court entered a default judgment in favor of Saregama against the three named members of the Aiyer family jointly and severally, totaling $11,120,000.  The district court permanently enjoined the Aiyers from future infringement.  The action was dismissed against the remaining defendants—including ASV—without prejudice for Saregama's failure to effect service of process.  The monetary judgment was not satisfied.

In 2019, Bharath moved to California.  Bharath claims that he was not aware that a suit had ever been initiated prior to his move.  In July 2021, Saregama served Bharath with a petition for a writ of *scire facias* seeking to collect on the 2011 default judgment.

In September 2021, Bharath filed a motion to set aside the default judgment as void for lack of personal jurisdiction under Federal Rule of Civil Procedure 60(b)(4). Bharath's supporting declaration reiterated that he was unaware of the lawsuit or default judgment until July 2021, and he disavows connections to ASV or MusicIndiaOnline.com. The court dismissed the motion without prejudice so that the parties could conduct jurisdictional discovery. After discovery, Bharath filed a renewed motion to set aside the default judgment in January 2023. The district court, in a well-reasoned and thorough order, determined that Bharath "knowingly sat on his rights with no acceptable justification" and denied the motion—filed roughly ten years after entry of the default judgment—as untimely. Bharath timely appealed.

We have reviewed the record and the parties' briefs, and with the benefit of oral argument, we find no reversible error in the district court's judgment. Accordingly, we affirm for the reasons given in the district court's May 8, 2023, order in favor of Saregama.

**AFFIRMED.**